# IN THE UNITED STATES DISTRICT   COURT

## COMPLAINT

|  |  |
|---|---|
|  | 15 U.S.C.S  1510, 1511,1512, 1513, 1514, 1515 |
| **LIVIA M. SCOTTO et al** | 18 U.S.C.S, 321 , 1 , |
| **FILING ON BEHALF OF** | 28 U.S.C.S. 1404, 2810 |
| **PETER JOHN SCOTTO** | 28 U.S .C.S. 1,  9, 6,  SS 341 |
| **CONCETTA SCOTTO et al** | Demand For A  Jury Trial |
| **CARMELA A. SCIABARRA et al** | OBSTRUCTION OF  JUSTICE |
| **MARLEY V. SCOTTO et al** | DENIAL OF FULL FAITH CREDIT ACT |
| **ANGEL V. SCOTTO- SCIABARRA et al** | ILLEGAL TAKINGS |
| **APPOLLO V. SCOTTO   et al** | UNAUTHORIZED USE SIGNATURE |
| **ARAMIS ,GIA, ZEUS, HERMES, VENUS,** | DATA BREACH ,BANK FRAUD |
| **ZEUS SCOTTO et al** | CONTRACT FRAUD , PROPERTY CONVERSION |
|  | BREACH OF CONTRACT , INSURANCE BAD FAITH |
|  | WRONGFUL DEATH, VEHICULAR HOMOCIDE |
|  | ATTORNEY DECEIT , BANK WIRE FRAUD |
|  | LARSCENY ROBBERIES UCC Violations |
|  | SHIPPING CARGO  CONTRACTS |
| **And Other Service Animals et al** | LEGAL PROCEEDING |
| **"GOODS '' HERETOFORE FILED et al** | SELF DEALING |
|  | UNJUST  ENRICHMENT |
|  | MANIPULATION TAMPERING  RECORDS |
| **vs.** |  |
| **STATE FARM INSURANCE FLORIDA  Co, et al** |  |
| **FEMA et al NFIP et al , JACKSON ADJUSTERS et al** |  |
| **UNDERWRITERS   et al** | CRIMINAL GROSS NEGLIGENCES |
| **UNITED STATES TREASURY  et al** | UNLAWFUL USE OF STEM CELLS |
| **MARS CORPORATION et al** | UNAUTHORIZED CLONING |
| **MARS BLUE PEARL et al** | ILLEGAL  COLLECTION OF  LOANS , |
| **UNITED STATES DEPARTMENT OF EDUCATION et al** | ACTIONABLE LIBEL |
| **OFFICE OF CIVIL RIGHTS et al** | OMMISSION OF EVIDENCE |
| **MICHAEL DUNLAP et al** | JUDICIAL OFFICER PERJURY |
| **NELNET  INCORPORATED et al** | IN  VENUE OF U.S.D.C. M.D. Fla. |
| **JONATHAN BEATTY et al** | MISREPRESENTATIONS |
| **COUNTY OF  MAUI  et al** | STANDING OF  SUIT PREMISE LIABILITY |
| **UNIVERSITY OF HAWAII et al** | Citations Notated in Line 24 of Order Dated |
| **U.S.VETERANS AFFAIRS et al** | August 14, 2024 CONCEALMENT OF CRIME |

U.S.  DISTRICT COURT JUDGES OF FLORIDA , ,NEW YORK, HOUSTON , TEXAS,  PHILADELPHIA ,PA ., N.J. et al      ASSAULTS  FINANCIAL FRAUD DENIS MCDONOUGH et al        In Re; Scotto ; No 8;18 MC-62T23
 NAR et al (NATIONAL ASSOCIATION OF REALTORS) et al
38 U.S.C.S. 1331, 1333   UNJUST ENRICHMENT
42 U.S.C.S.2000 (A) THRU 1-J F E C, J
  U.S.F.D.A. et al      FEDERAL TORT LIABILITY CONTRACT FRAUD SAUL EWING ARNSTEIN LEHR et al   REAL ESTATE LOSSES RAJIV SHETH  et al ,DIPA AMIN SHETH et al , PETER  MOULINAS AND ASSOCIATES et al , DANIEL LEVINAS et al , KATZ AND MATZ et al , DICKLER ROTH et al ,SIMON KABZAN et al , TROUTMAN PEPPER et al YULIYA VANGORODSKA et al , JEFFREY CHANG et al
KURT ROTH et al                    PROPERTY DAMAGES
  UNITED STATES BOARD OF  VETERANS APPEALS et al
   COUNTY OF HONOLULU et al         CAUSE OF COMORBIDITY
      28 U.S.C.S  1314, 1418, 2219   PHARMACEUTICAL  OVERDOSES
 UNITED WATER RESTORATION et al CONSTRUCTION LIEN STATE FARM INSURANCE FLORIDA  UNDERWRITERS   et al
 SERVPRO et al , SCOTT DISTASIO  HOLDINGS et al
                         PROFESSIONAL LIABILITY
NFIP , et al FEMA et al                  BREACH OF CONTRACT MAIMONIDES MEDICAL CENTER et al,CONSULATE HEALTH et al TRINITY AQUISTIONS et al ,TOKIO MARINE INSURANCE COMPANIES et al MED PROPERTIES et al OASIS et al IRIS HOLDINGS et al  HOSPITALS DOCTORS ,PHYSICIANS INSURANCE COMPANIES ET AL, AND ALL OTHER  ADDITIONAL DEFENDANTS  HERETOFORE FILED et al et al
 STATE FARM INSURANCE COMPANIES et al , EADS et al  ,CENDANT et al IMMEDIATE CREDIT  RECOVERY et al KONA PROPERTIES et al
 WYNDHAM COLLECTIONS et al , KONA HAWAIIAN VILLAGE , et al ECM2 et al , M.DYER AND SONS et al , JORDAN FOSTER et al AIRPORT LUGGAGE SERVICES ET AL  U.S. CONSULATE LISBOA PORTUGAL et al VINCI GROUP et al  VINCI CONCESSIONS et al , EXCESS  BAGGAGE et al INTERNATIONAL MOVERS et al ,CREDIT SUISSE et al ,ZIONS BANK et al , BASS AND ASSOCIATES et al,UNITED CONTINENTAL  HOLDINGS et al PATRICIA  BASS et al ,BANK OF HAWAII et al ,WELLS FARGO BANK et al ECMC et al ,ASAP BANK et al ,J.P.MORGAN BANK et al BARCLAYS BANK et al ,SUPREME COURT OFFICE ATTORNEY ETHICS , NEW JERSEY  ,NEW YORK , et al ATTORNEY GREVIENCE COMMITTEE et al N.Y. FL ,. N.J. ADVENTURE RESORTS REALTY et al , AMERICAN SAVINGS BANK et al NATIONAL GENERAL INSURANCE HOLDINGS et al ,
 AND ALL OTHER DEFENDANTS et al  COUNSEL OF RECORD et al
 FILED HERETOFORE et al

**TORTURIOUS INTERFERANCE EMPLOYMENT LAW VIOLATIONS ASSAULTS BY ABNORMALLY DANGEROUS ANIMALS WITH PREMISE LIABILITY OF MUNICIPAL OFFICERS INSURANCE REINSURANCE CONTRACT LIABILITY , SEXUAL ASSAULTS HARASSMENT**

**Resubmit MOTIONS FILED in cases that are under review , Remove Sanctions of barring my Original Complaints , Appointment of Counsel Under Equal Acess To Justice Act Bill of Discovery , Motion Reoepen Cases**

**This case comes before this venue under the forum selection clause on first impression to Show Cause of Original Complaints Pleadings Statements were misconstrued as frivolous , wherein evidence in Discovery was denied to prove on prepondurance of facts ommissions in content of records Exhibits , Police Reports Reports , of such crimes assaults , factually other heinous crimes to date , heretofore filed , Firstly the reference of case citations of Judges opinions are in fact perjurious , Actionable libel see line 24 , {sic words} false statements , character assignation , slanderous statements by Judge , Marcia Morales Howard J,udge Merryday, Judge Porcelli of U.S.D.C. Middle District of Florida ,because in the denial of truth entered into court record the corruption of dirty lawyers that perjuried , denied my filings judges failed to fufill any action for full faith credit act, or Security , Surety Bond , because of hearsay of County Federal Officers promulgating false light and other fabrications of crimes stated in Malicious Prosceution and other the oath of office of the rule of law of the court , Fed Rules of Civil Procedure , because ,I filed suits against my attorney in fact ,and the law firms counsel of record , defense counsrl , every shareholder in my family estate for Punitive Hedonic Specified Damages see charges in suit herein filed by Shipping through .UPS.Wells , Express Commercial Carriers Valrico Florida circumvented my records by diverted deliveries , to and from court subsequently , I was unaware of courts orders dismissals , opinions , or Supreme Court of The State of New York , New Jersey Superior Court , N.J.. were stolen or misdelivered subsequently I was unaware of any status of case non-published , or published Orders , reply to court clerks docket summary . Therefore I . bring this case that during covid suspension in the previous cases I was denied the rule of law in the courts , Restatement of the Law in the Courts ,1sof Torts t , 2nd . 3Rd , 4th of Torts ,**

**I, Livia M. Scotto, Plaintiff in the aforementioned case do herby sworn in affidavit that the statements in this record are true factual events that have been documented in several filings in other courts , I plead in Prayer for irrevocable for Injunctive Relief after our attorneys failed to file to compel the elecrtronic Holding records in firm that I move the court by Motion to Remove and File as Order to Produce the Record stored in court and in Counsel of Record stated in**

**Defendants list  file herein and heretofore  as certified list of Defendants culpable for  injuries  damages  in the records I move the Court to Subpoena Records,  !!``**

On further review of Judge Joseph F. Baaillion  Memorandum , dated 14 ,  ,of August , 2024, referenced ,  a case from the U.S. District  Middle District of Florida  citing the inconclusive  Judgement ,  of  case  filed in 2018 ,  Docket No. ,    8;18 -MC-62-T23 , 2018 WL.3860260  ,on a  Judgement , I didn't have receipts of filing   from the Venue zas it  was unpublished, if the Judge may  reference a case on prescedent  that after fiol in Other Court venues  Supreme Court of New York  Kings Co ,  Brooklyn ,N.Y. , U.S.DC. SDNY , EDNY , Court of Claims , Albany N.Y. acted with  Criminal Collusion to  literally destroy case ,  with Evidence  of clerks removing the  records from the  entered filing fees paid by Cashiers checks , money orders, other personal  checks ,  with arrests made  and published on  News in Other sources online Corrupt Courts N.Y. , and NY Post , N.Y. Daily News ,  so on this Standing I file this  case as  First Impression  to Show Criminalty of  Original Venue,  of  Void Order that was Moot dated  2018 , I may bring  this new case after  seven  7  years as I filed to  have case  Motion to This Venue To Reopen Cases , with U.S. Court of Appeals  case No. 201630  records for Use In this Case , reopened in State Court, Federal Appeals Court on Necessity  of the Venue, , I filed this case to  on Standing , that I didn't file as a pro se litigant , I have  Attorneys ,  yet the records were to be refiled in  Tort within  Tort Case , that my family and I have unendurably  suffered with Intentional Harms by the Defendants  Criminal actors , of course  even employees of  courts  proven as  actors  Obstructikns ,  of Legal Proceedings , Bank destroyed the thread of  checks  tendered by  venue , diverted , records as Banka were named codefendants ,

having defined in declaration of supportive Evidence on Standing  to Show Cause stated in case  of  prescedant  set forth in the previous   filing  with Exhibits of Criminal Code of Penal Sections stated in  content of the Original filings  sent to Venue in Case No  19-cv- 3011 , Judge  Gerrard    to set the  record  to produce the clerks order to revive  copy records  under the Bill of Costs , on Discovery of the  Facts

, Court  should have  prepared records , done the Due Diligence of Discovery  , would not have  wrongfully dismissed cases , that were submitted on various dates  , even before Judge Kopf   retired. ,  another issue  of failure to allow case to be calendared with Jury Trial  Federal Rules of Civil Procedure  were  denied , and have been in dereiliction of rules of Professional Conduct ,

Whilst Judge Gerrard was  dismissing Class Action against NelNet ,  case filed by The  Domina Law of  Nebraska , as a resident of Florida , I had to filee   firm , my case was set aside from the Class ,  filed  independently as  brutality of the Subsequent Harms  are so agreggious  that I have still  remain  affected in  Punitive Hedonic Economic Compensatory  Damages that the Crimes aforementioned  have Caused in Fact, I , Livia M.Scotto File Motion  To produce the Records from my attorneys firm  located in New York , Motion to File  for Change of Venue ,

**From Law Offices of Phillip A. Greeberg PA. 10 PARK AVE,  SUITE 2 NY  Edward Blodnick Fazio Clark, John  V, Oconner  et al Attorney In Fact NY  Custodian  of Records**

**Filed on 9/3/2024**                              **{  Codes            Statutes Citations  {See  American Law Institute  }**

Outlook

24- CA-003942 Notice OF ENTRY OBJECTION TO DISMISSAL

From Livia Scotto <liviamscotto2@outlook.com>          UNITED STATES DISTRICT COURT
Date Mon 7/14/2025 5:04 PM
To    Div K County Civil <civdivk@fljud13.org>          COMPLAINT

                                          MOTIOM FOR CHANGE OF    VENUE TO FEDERAL COURT

NOTICE OF OBJECTION TO DEFENDANTS HEARING AND NOTICE OF ENTRY OF OBJECTION TO
DEFENDANTS MOTION FOR INVOLUNTARY DISMISSAL  DUE TO PLAINTIFF  SEE DOC ORDER # 52 THAT
PLAINTIFF RECEIVED NO SERVICE OF LATE OR  NOTICE  OF  SUCH COURT ORDER , NO NOTICE WAS
RECIEVED ON  4/30/2025,
NOTICE OF OBJECTION TO ZOOM HEARING ,
ON GROUNDS THAT THE DEFENDAMTS , ACTORS . DIRECTORS . OFFICERS LIABILITY  IS CULPABLE IN
 LEGAL CAUSES ,  SS 430-462  543, 552 B , 620=623, AND 774A . LIABILITY . SEE RESTATEMENT OF THE
LAW  SECOND OF TORTS
AND FURTHERMORE, A ZOOM HEARING IS INAPPROPRIATE  FORUM FOR STRICT ABSOLUTE  LIABILITY OF
TORTIOUS CONDUCT, BY DEFENDANTS  NEGLIGEMCES,  SEE 28 USCS 917  S 454 IN LIGHT OF
DEFENDANTS  INTENTIONAL  NEGLIGENCES
SEE  RESTATEMENT OF  LAWS TORT 1ST. 2ND . 3RD , 4TH OF TORTS DAMAGES
 IN THE  CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT. IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CARMELA A. SCIABARRA              CASE NO. 24-CA-003942
                                    NOTICE OF OBJECTIONS TO DEFENDANTS MOTIONS , KNOWN
ONLY AFTER DATE OF ZOOM HEARING  ON LATE  NOTICE OF ACCEPTAMCE OR LATE  DELIVERY TO
VALRICO  FL U.S. POSTAL  NOTICE,  SIGNED BY US CERT MAIL  ON LATE  NOTICE , ON  JULY 14. 2025

                        MOTION FOR  CHANGE OF VENUE
CARMELA A. SCIABARRA et al          Case No.24-CA-003942      MOTION TO FILE INSURANCE LIABILITY
LIVIA M. SCOTTO et al                                          CLAIM TO POLICY HOLDERS , DTLR INC.
                            COMPLAINT TORTIOUS CONDUCT et al. HOLDINGS et al
DEMAND FOR HEDONIC PUNITIVE COMPULSATORY  COMPENSATORY  DAMAGES
STATUTORY PERCUNIARY LOSSES FOR HARMS DAMAGES    SUBSEQUENT INJURIES , HARMS DUE TO  INJURIES
V.                                                SUSTAINED IN PREMISE LIABILITY
DTLR et al. HCA WEST et al      MOTION TO CALENDAR TRIAL  DATE
HCA INC. et al          MOTION TO ORDER MEDICAL RECORDS
BRANDON REGIONAL HOSPITAL et al      UNITED STATES INSURANCE COMPANY et al
UNITED STATES LIABILITY INSURANCE LIABILITY COMPANIES TRUST HOLDINGS et al
        NOTICE OF ENTRY OF ADDITIONAL DEFENDANTS et al And,
            MEDICAL NEGLIGENCES EMERGENCY ROOM HARMS  FALL ON PROPERTY DTLR INC. et al
            NOTICE OF FILING  OBJECTION
        TO DEFENDANTS  MOTION FOR INVOLUNTARY
            DISMISSAL AND ZOOM HEARING FORUM
FILED BY PLAINTIFF'S  LEGAL REPRESENTATIVE
    PLAINTIFF'S  et al      MOTION TO FILE ORDER TO SHOW CAUSE
V.              DEMAND FOR DAMAGES  DUE TO PLAINTIFF'S  FAMILY
        AND SUBSEQUENT HARMS  DUE TO DEFENDANTS  CONDUCT

Carmela Sciabarra
2710 Golf Heights Cir
Valrico FL  33596-5212

DOLLAR TREE STORES, INC. et al , DTLR INC. et al
D/b/a DOLLAR TREE STORE #1520, AND
VICTORIA WELLS , et al
INDIVIDUALLY, AND AS STORE MANAGER OF DOLLAR TREE STORE et al #1520, DEFENDANTS et al
HCA , et al BRANDON REGIONAL HOSPITAL et al
CARR ALLISON et al
COUNSEL OF RECORD et al

This Objection comes before the venue on Strict Vicarious Liability of The Behavior of Defendants Counsel to file for Involuntary Dismissal ,
Wherein we file Notice of Objections . With Order To Show Cause, On first impression of Defendants Actor's , Counsel of Record the filing is absurd , egregious in Nature, that the court would even provide a consideration , of such a Sociopathic Response to filing , except by Due Process , any attempt to Settle or Release this Company from Relief in Payments due is in Demand from Insurance Companies Underwriting Holding Bonds for Indemnity , to pay immediately to our Awards and Complete to our Physical Specified Harms , our Damages, Immediately. financial losses, thar the Brain Injury was resulting Economic Harms , . with thru to for Damages that have caused , semi[:comatose state" , inactivity of the Plaintiff's physical Harms suffered to date since the date of injury, wherein Traumatic Brain Injuries and other emotional . conditions , medical harms , with Joined severalty liability of Reasons of Other Income Losses due to Loss of "GOODS" Pedigreed Breed Puppies, , other Real Estate Losses, the Legal causes in fact. Due to the Loss of Cerebral Injuries that are contributory in fact phycical endurance , capacity to care for puppies managed care of other Business Requitements , that I , Livia M .Scotto, am forced to list as unendurable in brutal exhaustive , undertakings , ,and to watch suffering in pain of my sister Carmela A. Sciabarra, without pain Medicine. After several months of Trauma of Legal Medical Professional Liability , attorney in fact , withdrawal of counsel , left without Representation . Due to Defamation pf Character , Destruction of Business Reputation . By Entities associate with the Defendants , false light . here say , culpability. , am inundated , constant barrage of Intentional Inflictions of Harms . To Carmela , A. Sciabarra and to myself, giving the current Necessity of Standard of Care , I , Livia M. Scotto , having consent from my sister Carmela A. Sciabarrs , move to file for Damages, Other Specified Harms for Damages , Losses , for the 24 hours a day Live in Home Care of my sister Carmela A. Sciabarra , formerly a vibrant active adult , now rendered an Invalid in Daily care, That in fact the cerebral Damages doe to the accident on Premises of DTLR Inc. is in Strict Absolute, Reckless , Vicarious Liability as Cause In Fact , with Transport Delays , Additional Acis after admittance to E.R. HCA Inc, , Brandon Regional Hospital et al failures to Duty Standard of Care, as Legal Cause, in Liability. During after Discharge from Hospital .
I, concede to ask my sister, Livia M. Scotto to compose Counter suits against Defendants et al and to act as Power of Attorney in Other Legal Matters that this Venue has Notice of In Other Cases Filed Heretofore . Motion To File for Bill of Costs , Discovery , to file Notice of Entry of All Motions ,. Notice of Objections ,Preliminary Injunctions , Notice of Objections to Zoom Hearing , Demand For Jury Trial
,
for Award for Damages , on this date of 14 , July. 2025.
Carmela A. Sciabarra
Livia M. Scotto
2710 Golf Heights Circle
Valrico , Florida 33596

DOLLAR TREE STORES, INC. et al , DTLR INC. et al
D/b/a DOLLAR TREE STORE #1520, AND
VICTORIA WELLS , et al
INDIVIDUALLY, AND AS STORE MANAGER OF DOLLAR TREE STORE et al #1520, DEFENDANTS et al
HCA , et al BRANDON REGIONAL HOSPITAL et al
CARR ALLISON et al
COUNSEL OF RECORD et al

This Objection comes before the venue on Strict Vicarious Liability of The Behavior of Defendants Counsel to file for Involuntary Dismissal ,

Wherein we file Notice of Objections . With Order To Show Cause, On first impression of Defendants Actor's , Counsel of Record the filing is absurd , egregious in Nature, that the court would even provide a consideration , of such a Sociopathic Response to filing , except by Due Process , any attempt to Settle or Release this Company from Relief in Payments due is in Demand from Insurance Companies Underwriting Holding Bonds for Indemnity , to pay immediately to our Awards and Complete to our Physical Specified Harms , our Damages, Immediately. financial losses, thar the Brain Injury was resulting Economic Harms , . with thru to for Damages that have caused , semi[:comatose state" , inactivity of the Plaintiff's physical Harms suffered to date since the date of injury, wherein Traumatic Brain Injuries and other emotional . conditions , medical harms , with Joined severalty liability of Reasons of Other Income Losses due to Loss of "GOODS" Pedigreed Breed Puppies, , other Real Estate Losses, the Legal causes in fact. Due to the Loss of Cerebral Injuries that are contributory in fact phycical endurance , capacity to care for puppies managed care of other Business Requitements , that I , Livia M .Scotto , am forced to list as unendurable in brutal exhaustive , undertakings , ,and to watch suffering in pain of my sister Carmela A. Sciabarra, without pain Medicine. After several months of Trauma of Legal Medical Professional Liability , attorney in fact , withdrawal of counsel , left without Representation . Due to Defamation pf Character , Destruction of Business Reputation . By Entities associate with the Defendants , false light . here say , culpability. , am inundated , constant barrage of Intentional Inflictions of Harms . To Carmela , A. Sciabarra and to myself, giving the current Necessity of Standard of Care , I , Livia M. Scotto , having consent from my sister Carmela A. Sciabarrs , move to file for Damages, Other Specified Harms for Damages , Losses , for the 24 hours a day Live in Home Care of my sister Carmela A. Sciabarra , formerly a vibrant active adult , now rendered an Invalid in Daily care, That in fact the cerebral Damages doe to the accident on Premises of DTLR Inc. is in Strict Absolute, Reckless , Vicarious Liability as Cause In Fact , with Transport Delays , Additional Acis after admittance to E.R. HCA Inc, , Brandon Regional Hospital et al failures to Duty Standard of Care, as Legal Cause, in Liability. During after Discharge from Hospital .

I, concede to ask my sister, Livia M. Scotto to compose Counter suits against Defendants et al and to act as Power of Attorney in Other Legal Matters that this Venue has Notice of In Other Cases Filed Heretofore . Motion To File for Bill of Costs , Discovery , to file Notice of Entry of All Motions ,. Notice of Objections ,Preliminary Injunctions , Notice of Objections to Zoom Hearing , Demand For Jury Trial

for Award for Damages , on this date of 14 , July. 2025.
Carmela A. Sciabarra
Livia M. Scotto
2710 Golf Heights Circle
Valrico , Florida 33596

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2

Civil Action No.

25-CV - 00

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*

was received by me on *(date)*

CARE ALLISON ftc

☒ I personally served the summons on the individual at *(place)*  Attorney Law Firm .  5-14-25
Counsel of Record , Bank Agent

on *(date)*  7/22/2024          ; or  10:14.

☒ I left the summons at the individual's residence or usual place of abode with *(name)*

PAWEL E GEORGE          , a person of suitable age and discretion who resides there.

on *(date)* Tewsin Forer    ALLISON GOSSMAN    and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*

, who is

designated by law to accept service of process on behalf of *(name of organization)*

on *(date)*                    ; or

☐ I returned the summons unexecuted because

; or

☐ Other *(specify):*

My fees are $                for travel and $              for services, for a total of $    0.00

I declare under penalty of perjury that this information is true.

Date:    7/22/2024  4-14-25

L.M.S. , CA, S
*Server's signature*

Livia M. Scotto

2710 Golf Heights Circle Valrico FL. 33609
*Printed name and title*

livia.mscotto1@outlook.com

*Server's address*

Additional information regarding attempted service, etc:  By Ryan o

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served

by Florida Courts E-Filing Portal to the following this 17th day of June, 2025:

Carmela Sciabarra
2710 Golf Heights Circle
Valrico, Florida 33596
*Pro se Plaintiff*

                      */s/ Dawn E. George*

**Alison H. Sausaman, Esq.**
Florida Bar No.: 112552
CARR ALLISON
200 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone: (904) 328-6456
Facsimile: (904) 328-6473
ASausaman@CarrAllison.com
SWright@CarrAllison.com
**Dawn E. George, Esq.**
Florida Bar No.: 1006408
CARR ALLISON
988 Woodcock Road, Suite 100
Orlando, Florida 32803
Phone: (407) 783-6087
Facsimile: (689) 698-3605
DGeorge@CarrAllison.com
SRamos@CarrAllison.com
*Attorneys for Defendant*

2

Filing # 225470824 E-Filed 06/17/2025 04:46:06 PM

IN THE CIRCUIT COURT OF THE
13TH JUDICIAL CIRCUIT, IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CASE NO.:   24-CA-003942

CARMELA SCIABARRA,

                       Plaintiff,

v.

DOLLAR TREE STORES, INC.
d/b/a DOLLAR TREE STORE #1520
AND VICTORIA WELLS, INDIVIDUALLY
AND AS STORE MANAGER OF
DOLLAR TREE STORE #1520,

                       Defendants.

                                      /

## DEFENDANT'S NOTICE OF HEARING

      YOU ARE HEREBY NOTIFIED that the undersigned counsel will call up for hearing

before Honorable Circuit Court Judge Cheryl Thomas, **via Zoom**, on the **30th** day of **June 2025**,

at **9:30 a.m.** (EST), or as soon thereafter as counsel can be heard, on the following:

      ** **Defendant's Motion for Involuntary Dismissal due to Plaintiff's Failure to Comply with Court Order**
           (Doc #52. Filed on 04/30/2025.)

| Zoom Link: |
|:---:|
| https://zoom.us/j/93553574539 |
| Meeting ID: 935 5357 4539 |

** Scheduled via JAWS on 06/17/2025.

1

Outlook

## 24- CA-003942 Notice OF ENTRY OBJECTION TO DISMISSAL

From Livia Scotto <liviamscotto2@outlook.com>
Date Mon 7/14/2025 5:04 PM
To    Div K County Civil <civdivk@fljud13.org>

NOTICE OF OBJECTION TO DEFENDANTS HEARING AND NOTICE OF ENTRY OF OBJECTION TO
DEFENDANTS MOTION FOR INVOLUNTARY DISMISSAL  DUE TO PLAINTIFF  SEE DOC ORDER # 52 THAT
PLAINTIFF RECEIVED NO SERVICE OF LATE OR  NOTICE   OF  SUCH COURT ORDER , NO NOTICE WAS
RECIEVED ON  4/30/2025,
NOTICE OF OBJECTION TO ZOOM HEARING ,
ON GROUNDS THAT THE DEFENDAMTS , ACTORS . DIRECTORS . OFFICERS LIABILITY  IS CULPABLE IN
LEGAL CAUSES , SS 430-462  543, 552 B , 620=623, AND 774A . LIABILITY . SEE RESTATEMENT OF THE
LAW  SECOND OF TORTS
AND FURTHERMORE, A ZOOM HEARING IS INAPPROPRIATE  FORUM FOR STRICT ABSOLUTE  LIABILITY OF
TORTIOUS CONDUCT, BY DEFENDANTS  NEGLIGEMCES,  SEE 28 USCS 917  S 454 IN LIGHT OF
DEFENDANTS  INTENTIONAL  NEGLIGENCES
SEE  RESTATEMENT OF  LAWS TORT 1ST. 2ND . 3RD , 4TH OF TORTS DAMAGES
IN THE  CIRCUIT COURT OF THE 13TH JUDICIAL CIRCUIT. IN AND FOR
HILLSBOROUGH COUNTY, FLORIDA

CARMELA A. SCIABARRA            CASE NO. 24-CA-003942
                                              NOTICE OF OBJECTIONS TO DEFENDANTS MOTIONS , KNOWN
ONLY AFTER DATE OF ZOOM HEARING  ON LATE  NOTICE OF ACCEPTAMCE OR LATE  DELIVERY TO
VALRICO FL U.S. POSTAL NOTICE, SIGNED BY US CERT MAIL  ON LATE  NOTICE , ON  JULY 14. 2025

CARMELA A. SCIABARRA et al            Case No.24-CA-003942
LIVIA M. SCOTTO et al

                                   COMPLAINT TORTIOUS CONDUCT
DEMAND FOR HEDONIC PUNITIVE COMPULSATORY  COMPENSATORY  DAMAGES
STATUTORY PERCUNIARY LOSSES FOR HARMS DAMAGES
V.
DTLR et al.  HCA WEST et al     MOTION TO CALENDAR TRIAL  DATE
HCA INC. et al               MOTION TO ORDER MEDICAL RECORDS
BRANDON REGIONAL HOSPITAL et al

          NOTICE OF ENTRY OF ADDITIONAL DEFENDANTS et al And,
                MEDICAL NEGLIGENCES EMERGENCY ROOM HARMS
                      NOTICE OF FILING   OBJECTION
                  TO DEFENDANTS  MOTION FOR INVOLUNTARY
                    DISMISSAL AND ZOOM HEARING FORUM
FILED BY PLAINTIFF'S  LEGAL REPRESENTATIVE
        PLAINTIFF'S  et al       MOTION TO FILE ORDER TO SHOW CAUSE
V.                  DEMAND FOR DAMAGES  DUE TO PLAINTIFF'S  FAMILY
           AND SUBSEQUENT HARMS  DUE TO DEFENDANTS  CONDUCT

NOTICE OF ENTRY OF ADDITIONAL DEFENDANTS et al And,
MEDICAL NEGLIGENCES EMERGENCY ROOM HARMS
NOTICE OF FILING   OBJECTION
TO DEFENDANTS  MOTION FOR INVOLUNTARY
DISMISSAL AND ZOOM HEARING FORUM

FILED BY PLAINTIFF'S LEGAL REPRESENTATIVE
PLAINTIFF'S  et al       MOTION TO FILE ORDER TO SHOW CAUSE
V.               DEMAND FOR DAMAGES  DUE TO PLAINTIFF'S  FAMILY
AND SUBSEQUENT HARMS  DUE TO DEFENDANTS  CONDUCT

DOLLAR TREE STORES,  INC. et al , DTLR INC. et al
D/b/a DOLLAR TREE STORE #1520,  AND
VICTORIA WELLS , et al
INDIVIDUALLY,  AND AS STORE MANAGER OF DOLLAR TREE STORE et al #1520, DEFENDANTS et a
HCA , et al BRANDON REGIONAL HOSPITAL  et al
CARR ALLISON et al
COUNSEL OF RECORD et al

This Objection  comes before the venue on  Strict Vicarious Liability of The Behavior of  Defendants
Counsel to  file for Involuntary Dismissal ,
 Wherein we file Notice of Objections . With Order To Show Cause, On first impression of Defendant
Actor's , Counsel of Record the  filing is absurd , egregious in Nature, that the court would even  proceed
a consideration , of such a Sociopathic Response to filing , except by Due Process , any attempt to be
or Release this Company from  Relief in Payments due  is in Demand  from Insurance Companies
Underwriting  Holding Bonds for Indemnity ,  to pay immediately  to our Awards and Complete to our
Physical Specified Harms , our Damages, Immediately. financial  losses, thar the Brain Injury  was
resulting Economic Harms ,  . with  thru to  for Damages  that have caused , semi[:comatose state "  .
inactivity  of the Plaintiff's physical Harms  suffered to  date  since the date of injury, wherein Traumatic
Brain Injuries and other emotional .  conditions, medical  harms ,  with  Joined  severalty liability of
Reasons of Other Income Losses due to Loss of "GOODS"  Pedigreed Breed Puppies, , other Real estate
Losses, the  Legal causes in  fact. Due to the Loss of Cerebral Injuries that are contributory in fact
phycical endurance , capacity to care for  puppies managed care of  other Business Requirements , the
, Livia M .Scotto , am forced to  list as unendurable  in brutal exhaustive , undertakings , ,and  to watch
suffering in pain of my sister Carmela A.  Sciabarra, without pain Medicine.  After several months of
Trauma of Legal Medical Professional Liability , attorney in fact , withdrawal of counsel , left without
Representation . Due to Defamation pf Character , Destruction of Business Reputation . By Entities
associate  with the Defendants , false light . here say , culpability. , am inundated , constant  barrage
Intentional Inflictions of Harms . To Carmela , A. Sciabarra and to myself, giving the current Necessity,
Standard of Care , I , Livia M. Scotto , having consent from my sister Carmela A. Sciabarrs , move to  life
for Damages, Other Specified Harms for Damages , Losses , for the  24 hours a day  Live in Home Care
my sister Carmela A. Sciabarra , formerly a vibrant  active adult , now rendered  an Invalid in Daily can
That  in fact the  cerebral Damages  doe to the accident on Premises of DTLR Inc. is in Strict Absolute
Reckless , Vicarious Liability as Cause In Fact , with Transport Delays , Additional  Acts after admitta
to E.R. HCA Inc, , Brandon Regional Hospital et al failures to Duty Standard of Care, as Legal Cause,  in
Liability. During after Discharge  from Hospital .
I, concede to ask my sister, Livia M. Scotto to compose Counter suits against Defendants  et al and to
as Power of Attorney in Other  Legal Matters  that this Venue has Notice of In Other Cases Filed
Heretofore . Motion  To File for Bill of Costs , Discovery ,  to file Notice of  Entry of All Motions , Notice
of Objections ,Preliminary Injunctions , Notice of   Objections to Zoom Hearing , Demand For Jury
,
for Award for Damages , on this date of 14 , July. 2025.
Carmela A. Sciabarra

Carmela Sciabarra
2710 Golf Heights Cir
Vairico FL  33596-5212

## TABLE OF CONTENTS

### DIVISION THIRTEEN
### REMEDIES

#### Chapter 47
#### DAMAGES

##### TOPIC 1.   GENERAL STATEMENTS

General principle
Damages—Definition
Compensatory damages—Definition
General and special damages
Compensatory damages for nonpecuniary harm
Compensatory damages for pecuniary harm
Nominal damages
Punitive damages
Punitive damages against a principal
Damages for past, present and prospective harms
Value
Certainty
Interest
Present worth of future pecuniary losses
Expense of litigation
Effect of taxation
Intended consequences [Omitted.  See § 435A.]
Unintended consequences of intentional invasions [Omitted.
   See § 435B.]
Harms resulting from tortious conduct

##### TOPIC 2.   DIMINUTION OF DAMAGES

Avoidable consequences
Harm suffered and expenditures made in efforts to avert
   harm
Benefit to plaintiff resulting from defendant's tort
Effect of payments made to injured party
Provocation
Return or tender of return of converted chattel
Payment of debt by tortfeasor

##### TOPIC 3.   COMPENSATORY DAMAGES FOR SPECIFIC TYPES OF HARM

Harm to the person

Actions for causing death
Survival of tort actions
Conversion or destruction of a thing or of a legally protected
   interest in it
Harm to chattels

XV

eficiary of account not as third-party benefi- act between broker and wery v. Guaranty Bank 592 So. 2d 79, 83-84 ircumstances may cre- a "quasi-fiduciary rela- ween a lender and a obliges the lender to stomer that credit life lapsed).

ne disagreement wheth- or liability is the prom- the promisor or the liance. Compare Re- ond, Agency § 354, Re- (stating that under ment of reliance is ob- asis of liability") with & Steve Thel, The asis of Section 90, 101 165 & 166 n.359 (1991) [c]ourts enforce prom- tion 90 when they view as serious and deserv- nent qua promise; they them out of solicitude and citing *Tauber* as an absence of a prom- a case in which "the largely on a problem use"). See also In re Litig., 210 F.Supp.2d 71 (N.D.Ga.2002) (ap- law; recovery under l-malpractice case re- that represents a spe- ng to perform service nonclient and induces client).

etween a principal and ave the effect of mak- the principal on the ble in some respect or Bank of the West v. nk, 41 F.3d 471 (9th ms of participation ween lead bank and

participating bank explicitly provided that each bank would investigate bor- rower independently and would exer- cise independent judgment; partici- pating bank's reliance on lead bank not justifiable for purposes of fraud claim against lead bank, which did not immediately share adverse news about borrower with participating bank).

## § 8.08  Duties of Care, Competence, and Diligence

Subject to any agreement with the principal, an agent has a duty to the principal to act with the care, compe- tence, and diligence normally exercised by agents in simi- lar circumstances. Special skills or knowledge possessed by an agent are circumstances to be taken into account in determining whether the agent acted with due care and diligence. If an agent claims to possess special skills or knowledge, the agent has a duty to the principal to act with the care, competence, and diligence normally exer- cised by agents with such skills or knowledge.

Comment:

*a. Scope and cross-references.* This section states the duties of care, competence, and diligence that an agent owes to a principal. Comment *b* discusses relationships between the duties stated in this section, any contract between principal and agent, and statutory and regulatory provisions. Comment *c* discusses an agent's duty of compe- tence. Comment *d* discusses an agent's duty of diligence. Comment *e* discusses duties of agents who act gratuitously.

Section 1.04(3) states when an agent acts gratuitously.

*b. Common-law and statutory duties of care; regulatory duties.* A principal and an agent may establish benchmarks or other measures for the effort and skill to be expected from the agent. For example, a contract between principal and agent may specify measures for the effort that the agent has a duty to expend in pursuing the principal's objectives. An agent may also guarantee by contract that the agent's work will be successful in achieving an objective or that the agent's work will be satisfactory to the principal. On conditions that an obligor be satisfied with an obligee's performance, see Restatement Second, Contracts § 228. A contract may also, in appropriate circumstances, raise or lower the standard of performance to be expected of an agent or specify the remedies or mechanisms of dispute resolution available to the principal. Regardless of their content, contractually shaped or contractually created duties are grounded in the mutual assent of agent and principal.

**§ 8.07**                      AGENCY

sonably relies on the lawyer to provide the services"). Liability under this rule also requires that the plaintiff be aware of the defendant's undertaking. See In re U.S. Office Prods. Co. Sec. Litig., 251 F.Supp.2d 77, 99 (D.D.C.2003) (plaintiff-shareholders could not establish that corporation breached duty to notify them of termination of restrictions on stock sale on basis that corporation notified other shareholders that restrictions had been lifted when plaintiffs were unaware that such notice had been given and unable to show any reason to rely on receiving notice).

On the bases on which liability may be imposed, see Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 317–318 (5th Cir.2002) (under Texas law, investment bank that performed due diligence and issued fairness opinion did not owe duty of care to holders of convertible debentures when bank did not undertake such duty; holders' negligent-representation claim correctly dismissed on bases that holders were not persons for whose benefit investment bank performed work and that bank did not know issuer would disregard contractual restrictions on dissemination of fairness opinion); Holtz v. J.J.B. Hilliard W.L. Lyons, Inc., 185 F.3d 732, 744 (7th Cir.1999) (under Indiana law defendant may assume a duty through a promise or other conduct, acting with the knowledge that another party will rely on the promise; broker not subject to liability when broker failed to ask customer about customer's intentions in changing designation of beneficiary for customer's IRA when no evidence demonstrated broker assumed such duty or that customer relied upon broker to perform it;

would-be beneficiary of characterized as third-party ciary of contract between customer); Lowery v. Chase & Trust Co., 592 So. 2d (Miss.1991) (circumstances ate at least a "quasi-fiduciary tionship" between a lender customer that obligates the notify the customer that insurance has lapsed)

There is some disagreement er the basis for liability to the ise made by the promisor promisee's reliance. Compare statement Second, Agency porter's Note (stating that § 378, "the element of reliance viously the basis of liability Edward Yorio & Steven Promissory Basis of Section Yale L.J. 111, 165 & 165 n.2 (stating that "[c]ourts enforce ises under Section 90 when the promises as serious ing of enforcement qua promise do not enforce them out of for promisees," and citing 90 an instance of an absence of ise and thus a case in which outcome turns largely on a with the promise"). See Infocure Sec. Litig., 210 F. 1331, 1370–1371 (N.D.Ga.) plying Georgia law; recovery theory in legal-malpractice quires promise that represents cific undertaking to perform on behalf of nonclient and reliance by nonclient).

A contract between a principal an agent may have the effect of ing reliance by the principal agent unjustifiable in some way another. See Bank of the Valley Nat'l Bank, 41 F.3d Cir.1994) (terms of credit agreement between lender

342

entered judgment on a jury verdict for plaintiff, but this court reversed. The supreme court vacated and remanded and, on remand, this court affirmed, holding that a reasonable jury could have found that, given the circumstances, the stabbing was merely the culmination of a progressive series of events involving attendant's ordinary and authorized employment duties. Bray v. American Property Management Corp., 164 Or.App. 134, 988 P.2d 933, 937–938.

S.D.2008. Quot. in sup., coms. cit. in sup., com. (a) quot. in sup., com. (f) cit. in sup. and quot. in ftn. Employee of HVAC contractor sued contractor's competitor and competitor's owner on theories of negligence and respondeat superior, inter alia, alleging that he was attacked by competitor's worker. The trial court granted summary judgment for defendants. Reversing in part and remanding, this court held that, with respect to the question of whether defendants' worker's conduct was within the scope of his employment, genuine issues of material fact existed as to whether the assault by worker was foreseeable, and whether it was motivated in part by his interest in protecting competitor's property and by his intent to further competitor's business interests through discouraging competition. Kirlin v. Halverson, 2008 SD 107, 758 N.W.2d 436, 446, 447.

### § 246. Tortious Institution or Conduct of Legal Proceedings

S.D.Fla.Bkrtcy.Ct.2006. Cit. in sup. Chapter 7 debtor whose automobile was involved in a prepetition accident with another vehicle brought an adversary proceeding against insurer of the other vehicle's driver and owners, alleging that insurer's outside attorney obtained a state-court default judgment on insurer's subrogation claim against debtor in violation of the automatic stay and discharge injunction. Awarding debtor damages, this court held that the conduct of attorney, who had no personal knowledge of debtor's bankruptcy, could be imputed to insurer for purposes of liability, since insurer's subrogation unit had actual knowledge of the bankruptcy, but failed to adequately inform attorney of the known facts so that attorney could discontinue his collection efforts. The court stated that a principal was obligated to provide an agent with adequate instructions and warnings, and could be held responsible for harm that resulted from failure to disclose known facts to the agent. In re Manzanares, 345 B.R. 773, 793.

### § 247. Defamation

C.A.3, 2000. Cit. case cit. in sup. (e) cit. and quot. in sup. Federal officer brought common-law conspiracy, intentional tort, assault, and defamation against others who participated in an investigation by the Office of Internal Affairs, the Federal Bureau of Prisons. [...] the district court's dismissal of complaint, this court held, [...] under Pennsylvania law, defendants to the OIA, even if false, [...] the scope of their employment, [...] defendants were absolutely immune [...] federal law, from plaintiff's [...]. Brumfield v. Sanders, 232 F.3d [...], cert. denied 532 U.S. 958, [...] 149 L.Ed.2d 374 (2001).

D.Me.2009. Cit. in case. Former officers of local lodge of a labor organization sued organization, its president, asserting claims under federal and state law in connection [...] imposition of a trusteeship. [...] This court granted summary [...] defendants as to plaintiffs' [...] and dismissed without prejudice [...] state-law claims, over which [...] exercise supplemental jurisdiction [...] court explained that the state [...] claims potentially raised novel [...] state law best reserved [...] for example, whether defendant [...] vicariously liable for a [...] tory statement allegedly made [...] lodge president, given that [...] lodge president was not a [...] in this action. Keenan v. [...] Ass'n of Machinists and Aerospace, 632 F.Supp.2d 63, 72.

D.V.I.2002. Coms. (a) in sup. Former employee of [...] lice department brought [...] common-law tort claims including [...] tion and invasion of privacy [...] ritorial police commissioner [...] Granting motion of defendant commissioner and United States [...] United States as defendant [...] the common-law tort claims, [...] that, under Virgin Islands law, allegedly tortious acts, [...] his assignment as territorial [...] missioner, were within the [...] employment with the United [...] toms Service. Anderson v. [...] the Virgin Islands, 199 F.Supp.2d [...]

S.C.App.2001. Cit. in [...] sued former employer for [...]

See also cases under division, chapter, topic, title, and subtitle that include [...] under examination. For earlier citations, see Restatement of the Law, Agency 2d, Volumes 3–8, Appendix.

446

Case 2:26-cv-04153-MMB    Document 2    Filed 06/16/26    Page 16 of 16