**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LIVIA M. SCOTTO,** <br> **Plaintiff,** <br><br> **v.** <br><br> **FEMA, *et al.*,** <br> **Defendants.** | : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION NO. 26-CV-4153** |

**MEMORANDUM**

**MCHUGH, J.** **AUGUST 3, 2026**

Livia M. Scotto filed this *pro se* sixteen-page Complaint along with real or imagined co-plaintiffs asserting breach of contract and fraud claims against FEMA and eighty-nine other Defendants including banks, insurance companies, municipalities in Florida and Hawaii, United States agencies, judges, law firms, schools, governments, businesses, and individuals. In a prior Order (ECF No. 7) filed on June 23, 2026, the co-plaintiffs were directed to sign the Complaint and pay the filing fee or seek *in forma pauperis* status. Their time has expired, none have done so, and the accompanying Order will strike those names from the case. Scotto has sought leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Scotto leave to proceed *in forma pauperis* and dismiss her Complaint as frivolous. Because Scotto has a long history of filing nonsensical pleadings in this Court, she will be required to show cause why a pre-filing injunction should not be entered to stop her abuse of the privilege of proceeding *in forma pauperis*.

## I. FACTUAL ALLEGATIONS[1]

Scotto's allegations are incomprehensible. Her Complaint consists of cites to numerous statutes and causes of actions, mentions prior cases that do not involve her, incorporates pleadings of other cases, and includes pages from a legal treatise. (*See* Compl., *generally*.) There is little that can be classified as non-conclusory factual allegations concerning any of the named Defendants. Scotto made the same kinds of claims against several of the same Defendants in a prior case, *Scotto v. Wells Fargo & Co.*, No. 25-3117 (E.D. Pa.), that was dismissed as implausible.

Scotto is a frequent *pro se* litigant in this Court. She has filed at least ten prior civil actions in the United States District Court for the Eastern District of Pennsylvania. *See Scotto v. Societie Anonyme*, No. 21-89 (dismissed for failure to prosecute, appeal dismissed for failure to prosecute); *Scotto v. Credit Suisse*, No. 22-1176 (dismissed for failure to serve defendants after payment of filing fee); *Scotto v. A.R.R.*, No. 22-1179 (dismissed as duplicative, appeal dismissed for failure to prosecute); *Scotto v. Office of Personal Management*, No. 22-2697 (dismissed as duplicative, appeal dismissed for failure to prosecute); *Scotto v. United States*, 22-3434 (dismissed for failure to prosecute, appeal dismissed for failure to prosecute); *Scotto v. Ewing*, No. 22-3623 (dismissed for failure to prosecute, appeal dismissed for failure to prosecute); *Scotto v. Maimonides*, No. 22-3625 (dismissed for failure to prosecute); *Scotto v. Maimonides*, No. 22-3626 (dismissed for failure to prosecute; summarily affirmed on appeal for want of a substantial question); *Scotto v. United States*, No. 23-541 (dismissed on statutory screening, appeal dismissed for failure to prosecute); *Scotto v. Wells Fargo & Co.*, No. 25-3117 (dismissed

[1] The factual allegations set forth in this Memorandum are taken from Scotto's Complaint ("Compl."). (ECF No. 2.)

on statutory screening, affirmed on appeal). None of her cases has proceeded past the pleading stage, being dismissed for failure to prosecute or for failure to state plausible claims. The one case for which she paid the filing fee, *Credit Suisse*, No. 22-1176, was dismissed for failure to prosecute because she failed to serve the defendants.

## II. STANDARD OF REVIEW

The Court grants Scotto leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Brown v. City of Philadelphia*, 750 F. App'x 171, 173 (3d Cir. 2018) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]" *Id.* at 327-28; *see also Mitchell v. Horn,* 318 F.3d 523, 530 (3d Cir. 2003). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Smith v. N. Cambria Police,* No. 25-1273, 2025 WL 1324070, at *1 (3d Cir. May 7, 2025) (*per curiam*) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back). In assessing the Complaint, the Court is mindful of its obligation to liberally construe a *pro se* litigant's pleadings. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Scotto's Complaint is frivolous. It consists of lists of defendants against whom she makes no factual allegations, lists of random statutes and causes of action, pages of a legal treatise, conclusions of law, and requests directed to other cases that she appears to have cut and pasted into this Complaint. It will be dismissed on this ground.

Scotto's long trail of filing cases in this Court since 2021, either stating implausible claims or which she abandoned, suggests she will not stop that conduct. Given her litigation history, including the filing of this case naming what appear to be imagined others as co-plaintiffs, her abuse of the privilege of proceeding *in forma pauperis* in federal court must be addressed. Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), a district court may enjoin "abusive, groundless, and vexatious litigation." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993) (citing *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)). The "broad scope" of this power is limited by "two fundamental tenets of our legal system — the litigant's rights to due process and access to the courts." *Brow*, 994 F.2d at 1038. The United States Court of Appeals for the Third Circuit has held that district courts "must comply with the following requirements when issuing such prohibitive injunctive orders against pro se litigants." *Id.* First, the Court should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* (citations omitted); *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989). Second, the Court "must give notice to the litigant to show cause why the proposed injunctive relief should not issue." *Brow*, 994 F.2d at 1038 (citations omitted); *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987). Third, the scope of the injunctive order "must be narrowly tailored to fit the particular circumstances of the case before the [ ] Court." *Brow*, 994 F.2d at 1038 (citations

omitted); *see also Chipps v. U.S. Dist. Ct. for the Middle Dist. of Pa.*, 882 F.2d 72, 73 (3d Cir. 1989). Issuing a prefiling injunction to curtail meritless litigation has been deemed to be an appropriate use of the Court's authority. *See, e.g., Kent v. Philadelphia Dep't of Hum. Servs.*, 813 F. App'x 736, 738 (3d Cir. 2020) (*per curiam*) ("The District Court reasonably concluded that these repeated, meritless lawsuits predicated on the same allegations warranted restrictions on Kent's litigating opportunities."); *Yoder v. Wells Fargo Bank, N.A.*, 765 F. App'x 822, 824 (3d Cir. 2019) (*per curiam*) (holding that a *pro se* litigant's "series of meritless lawsuits show[ed] an abuse of the court system and an unwillingness to accept adverse judgments that, because it [was] likely to continue, warrant[ed] restrictions on [litigant's] litigating opportunities"); *Tilbury v. Aames Home Loan*, 199 F. App'x 122, 127 (3d Cir. 2006) (*per curiam*) (holding that injunction prohibiting litigants from filing repetitive cases related to their mortgage and against numerous defendants was narrowly tailored where injunction prohibited filing of newly filed *pro se* cases and requiring representation by a licensed attorney).

As detailed, this is the eleventh civil action that Scotto has filed *pro se* in this Court since 2022, ten of which proceeded without the payment of any filing fees. Her litigation conduct shows a continuous abuse of the judicial process by filing meritless and repetitive actions. All of her claims have been dismissed on statutory screening or for failure to prosecute and each of her appeals have been rejected by the United States Court of Appeals for the Third Circuit on their merits or for failure to prosecute. Scotto's latest Complaint, presenting incomprehensible claims on behalf of herself and other real or imagined plaintiffs, and naming some Defendants she has already sued, gives the Court reason to believe that, unless enjoined, she will continue to file cases that lack serious merit with no economic consequence to herself, thereby wasting scarce judicial resources.

Accordingly, an Order will be entered that directs Scotto to show cause why her ability to file future lawsuits *pro se* in this Court without paying the filing fee should not be enjoined unless she includes with her Complaint and *in forma pauperis* application (1) a certification indicating that the claims she seeks to present have arguable merit (2) that is signed by a licensed attorney, and (3) includes that attorney's bar number and contact information. In other words, the anticipated injunction would require Scotto to provide a certification signed by a licensed attorney attesting that her claims have legal merit and are supported by factual allegations. The anticipated injunction will also provide that the Clerk of Court is authorized to return to Scotto without docketing them any new case submissions that fail to include the certification. The Order the Court will now file provides Scotto with the notice required by *Brow*, 994 F.2d at 1038. The proposed injunction will be narrowly tailored to fit the particular circumstances presented since, if Scotto submits the certification, she will be able to continue to file claims *pro se* and seek to proceed *in forma pauperis* to redress claims with arguable merit. *See*, *e.g*., *Gokool v. Oklahoma City Univ*., 770 F. App'x 894, 898 (10th Cir. 2019) (affirming injunction requiring litigant to obtain certification of an attorney before filing additional motions); *Nellom v. Shapiro*, No. 26-829, 2026 WL 638487, at *3 (E.D. Pa. Mar. 6, 2026) (imposing injunction requiring litigant to obtain certification of attorney); *Carmona v. Adona Med. Health Care Provider*, No. 23-00003, 2023 WL 3081305, at *3 (W.D.N.C. Apr. 25, 2023) (enjoining plaintiff "from filing future pro se actions against [certain defendants] with respect to the conditions of confinement at the UCJ, unless the complaint is certified by an attorney licensed in North Carolina to be non-frivolous"); *Halsell v. T-Mobile Customer Rels*., No. 23-202, 2023 WL 3051223, at *3 (S.D. Ohio Apr. 24, 2023), *report and recommendation adopted*, 2023 WL 3437267 (S.D. Ohio May 12, 2023) ("[C]ourts have restricted pro se litigants from filing further pro se actions without a

certification from the Court or an attorney that the claims asserted are not frivolous and that the suit is not brought for any improper purpose.”). If enjoined, Scotto will also remain able to file cases *pro se* without the certification if she pays the filing fee.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Scotto’s Complaint with prejudice. No leave to amend will be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-113 (3d Cir. 2002) (“[D]ismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend . . . when amendment is inequitable or futile.”). Two orders will be entered, one to dismiss this case in a final order pursuant to Fed. R. Civ. P. 58(a), and one to direct Scotto to show cause why she should not be subject to a prefiling injunction.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**GERALD A. MCHUGH, J.**